UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

J.D WORKFORCE, INC.,

                              Plaintiffs,

                    v.

MOHAMED J. GAFOOR and ABC COMPANY,

                              Defendants.

**MEMORANDUM AND ORDER**
22-cv-7930 (LDH) (MMH)

---

LaSHANN DeARCY HALL, United States District Judge:

      J.D. Workforce, Inc. ("Plaintiff") commenced this action against Mohamed J. Gafoor and ABC Company ("ABC," and together with Gafoor, "Defendants") on December 28, 2022, asserting claims for violation of the Defend Trade Secrets Act of 2016, and misappropriation of trade secrets, unfair competition, tortious interference, unjust enrichment, breach of contract, conversion, violation of the faithless servant doctrine, breach of the duty of loyalty, and breach of fiduciary duty, under New York state law. (Compl. ¶ 1, ECF No. 1.) On December 28, 2022, Plaintiff filed a motion for a temporary restraining order ("TRO"), preliminary injunction, and expedited discovery as to Defendants. (ECF No. 2.)

      A preliminary injunction is an extraordinary and drastic remedy that should be granted only where the moving party establishes (1) a likelihood of success on the merits, (2) a likelihood that it will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of hardships tips in its favor, and (4) that the public interest is not disserved by relief. *JBR, Inc. v. Keurig Green Mtn., Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (citing *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)). The standard for the issuance of a TRO is essentially the same. *See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).

However, unlike preliminary injunctions, "TROs . . . are characteristically issued in haste, in emergency circumstances, to forestall irreparable harm[.]" *Romer v. Green Point Sav. Bank*, 27 F.3d 12, 16 (2d Cir. 1994). Not surprisingly, then, a plaintiff's "[d]elay in seeking enforcement of [its] rights . . . tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985). It is not surprising, then, that the Second Circuit has found that, "[l]ack of diligence, standing alone, may . . . preclude the granting of preliminary injunctive relief, because it goes primarily to the issue of irreparable harm[.]" *Majorica, S.A. v. R.H. Macy & Co., Inc.*, 762 F.2d 7, 8 (2d Cir. 1985). Such is the case here.

According to the complaint, Plaintiff, a temporary staffing company, has employed Gafoor since 2018 as a manager. (Compl. ¶¶ 14, 17.) In April 2020, Gafoor executed an agreement with Plaintiff requiring him to keep confidential all information he obtained through his employment, and not to compete with Plaintiff nor solicit Plaintiff's customers or employees. (*Id*. ¶ 18.) Sometime in October 2022—the Complaint does not specify when—Gafoor initiated a break with J.D. Workforce. (*Id*. ¶¶ 20-27). Plaintiff discovered that Gafoor had transported 60 of Plaintiff's employees to a job site via his own means when the vans that the employees were meant to take did not leave. (*Id*. ¶¶ 20-22.) "That same day" in October 2022, Plaintiff learned that Gafoor had informed Plaintiff's employees that J.D. Workforce had closed down, and the employees now worked for Gafoor. (*Id*. ¶¶ 25-26.) "Upon further investigation"—the Complaint, again, is unclear as to when, exactly—Plaintiff learned that Gafoor had been paying some of Plaintiff's temporary employees in cash and collecting payments directly to himself from customers. (*Id*. ¶ 27.) In other words, Plaintiff waited no less than two, or as many as three, months to seek emergency relief from this Court. Plaintiff's delay wholly undermines any need for speedy action by the Court. *Citibank*, 756 F.2d at 276-77 (ten-week delay was

unreasonable); *Carson Optical, Inc. v. Alista Corp.*, No. 19-CV-1725 (SFJ) (AKT), 2019 WL 3729460, at *5 (E.D.N.Y. Aug. 8, 2019) (two- to three-month delay was unreasonable).

Plaintiff's motion for a TRO is denied.[1]  The Court makes no finding with respect to Plaintiff's motion for a preliminary injunction and request for expedited discovery.  The Court will hold a conference in this matter on January 11, 2023, during which it will set out a briefing schedule on Plaintiff's motion for a preliminary injunction and hear any request regarding discovery.  Plaintiff shall serve Defendant with copies of its complaint, its motion papers, and this order no later than January 3, 2023.

SO ORDERED.

Dated: Brooklyn, New York  
       December 30, 2022

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

---

[1] The Court concludes that a hearing is unnecessary in light of Plaintiff's inability to show irreparable harm warranting a TRO. *See Redac Project 6426, Inc. v. Allstate Ins. Co.*, 402 F.2d 789, 790 (2d Cir. 1968) ("[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it.").