**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------X

J.D WORKFORCE, INC.,

                                Plaintiff,

                       -against-

MOHAMED J. GAFOOR and ABC COMPANY,

                                Defendants.

-----------------------------------------------X

**Case No.: 1:22-cv-7930**

**ANSWER TO COMPLAINT**

Defendant, Mohamed J. Gafoor ("Gafoor" or "Defendant") through his attorney Zouhoor A. Wani answers the complaint and states upon information and belief as follows:

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs : 4, 5, 6, 7, 8, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 33, 35, 36, 38, 39, 40, 57, 58, 70, 73, 74, 95, 104, 113 and 120 of the Complaint.

2. Contents of Paragraph 2 are a hyperbolic mischaracterization of the case.

3. Defendant denies the allegation contained in Paragraphs: 3, 28, 29, 30, 31, 32, 34, 37, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 59, 60, 61, 62, 63, 64, 65, 66, 68, 71, 75, 76, 77, 78, 79, 80, 81, 82, 84, 85, 86, 87, 88, 89, 90, 92, 93, 96, 97, 98, 99, 100, 101, 102, 105, 106, 107, 110, 111, 114, 115, 116, 117, 118, 123, 124, 125, 130, 131, 132, 138, 139, 140 and 141 of the Complaint.

4. Contents of Paragraphs: 1, 9, 10, 11, 67, 72, 121, 122, 127, 128, 129, 134, 135, 136, 137 and 142 of the Complaint need no response.

5. Contents of Paragraph 17 are only admitted to the extent that Defendant Gafoor was employed by J.D Workforce Inc. The rest of the contents of the paragraph are denied.

6. Contents of Paragraph 109 reference a legal document subject to the interpretation of the court.

7. In response to the incorporation clause contained within Paragraphs 54, 69, 83, 91, 94, 103, 108, 112, 119, 126 and 133 of the Complaint, Defendant incorporates its respective answers to each allegation so referenced.

### FIRST AFFIRMATIVE DEFENSE

8. The Complaint fails to state facts sufficient to constitute any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

9. The complaint and complainant have failed to demonstrate any wrongdoing by Defendant Gafoor.

### THIRD AFFIRMATIVE DEFENSE

10. The court does not have subject matter jurisdiction over Defendant.

### FOURTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred by the doctrine of laches, waiver, equitable estoppel and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

12. The Defendant has, at all material times with respect to Plaintiff, acted in or believed they acted in good faith in an effort to comply fully with all relevant federal, state and city laws.

## SIXTH AFFIRMATIVE DEFENSE

13. To the extent that Plaintiff seeks punitive damages, Plaintiff is not entitled to punitive damages, as the Defendant did not act or fail to act in a manner sufficient to give rise to punitive damages liabilities.

## SEVENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred to the extent that its alleged damages are speculative, uncertain, and hypothetical.

## EIGHTH AFFIRMATIVE DEFENSE

15. Plaintiff has abandoned the alleged trade secrets.

## NINTH AFFIRMATIVE DEFENSE

16. Plaintiff's conduct with regards to the matters alleged in the Complaint was such that Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested against Defendant.

## TENTH AFFIRMATIVE DEFENSE

17. Plaintiff is claiming exclusive right and secrecy on the business information which is admitted by Plaintiff to have shared with all owners, employees, managers and/or vendors.

## ELEVENTH AFFIRMATIVE DEFENSE

18. Some or all of the damages alleged by Plaintiff, if any, are to be offset by the damage sustained by Defendant as a result of Plaintiff's conduct.

## TWELVFTH AFFIRMATIVE DEFENSE

19. Plaintiff failed to personally serve the Defendant, pursuant to the Federal Rules of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

20. Defendant denies any wrongdoing including but not limited to misuse of any business secrets, as alleged by the Plaintiff. Any business opportunity that Defendant may have utilized was based on knowledge, experience, and information readily available in the commercial stream.

## FOURTEENTH AFFIRMATIVE DEFENSE

21. At all times, Defendant acted in a commercially reasonable and lawful manner. Each and every act or statement done or made by Defendant was a good faith assertion of the Defendant's rights and, therefore, was privileged and justified.

## FIFTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff failed to protect and/or enforce its alleged rights, and/or engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligent act, omission, or any other conduct, if any, as set forth in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff, though under an affirmative duty to do so, failed and neglected to mitigate its alleged damages, if any, and cannot recover against Defendant, whether as alleged of otherwise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

24. The damages suffered by Plaintiff, if any, were the direct and proximate result of the acts, omission, or negligence of persons or entities other than Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

25. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses, including but not limited to, res judicata and collateral estoppel, in the event that the discovery indicates that it would be appropriate.

### DEMAND FOR RELIEF

WHEREFORE, defendant demands judgment as follows:

a. Dismissing the complaint with prejudice.

b. Awarding defendant costs and disbursements of this action.

c. Granting defendant such other and further relief as the Court deems just and proper.

Dated: January 23, 2023
      New York, NY

_____/s/ *Zouhoor A. Wani*____

THE LAW OFFICE OF Z.A. WANI
Zouhoor A. Wani, Esq.
*Attorneys for Defendant,*
*Mohamed J. Gafoor*

16705 Hillside Avenue, Suite 2
Jamaica, NY 11432-4200
(718) 206-2020 (telephone)
(718) 206-0505 (facsimile)
zawanilaw@gmail.com

To:
Milman Labuda Law Group PLLC.
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
*Attorneys for Plaintiff*
*J.D. Workforce Inc.*

3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com