UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
J.D WORKFORCE, INC.,

                      Plaintiff,

        -against-

MOHAMED J. GAFOOR and ABC COMPANY,

                      Defendants.
-----------------------------------------------------------------X

Case No.: 1:22-cv-7930 (LDH) (MMH)

**STIPULATED ORDER AND**
**PRELIMINARY INJUNCTION**

Plaintiff J.D Workforce, Inc. (hereinafter "Plaintiff" or "J.D Workforce") and Defendants Mohamed J. Gafoor (hereinafter "Gafoor" or the "Individual Defendant") and ABC Company (hereinafter "ABC" or the "Corporate Defendant") (the Individual Defendant and the Corporate Defendant collectively hereinafter the "Defendants"), by and through their undersigned counsel, hereby stipulate to the following:

1. Defendants and any persons/entities acting in concert with them, pending this litigation, are hereby:

(a) preliminarily enjoined from using in any manner whatsoever J.D Workforce's trade secret and confidential and proprietary information (including, without limitation, J.D Workforce's customer database, including the identity and contact information of J.D Workforce's customers, or any other information regarding J.D Workforce's customers, clients, transactions, financial information, pricing information, or other matters involving J.D Workforce);

(b) directed and agree to return to J.D Workforce all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain J.D Workforce's trade secrets and confidential and

proprietary information (including, without limitation, J.D Workforce's customer database, including the identity and contact information of J.D Workforce's customers, and for each customer of J.D Workforce, the services offered and payments received from J.D Workforce's customers, and/or other matters involving J.D Workforce and which Defendants obtained or accessed, including without limitation information regarding J.D Workforce's customers, clients, transactions, financial information, pricing information, or other information involving J.D Workforce;

(c) directed and agree to make all electronic accounts that are in their custody or control and on which they stored information regarding J.D Workforce's trade secrets and confidential or proprietary information available and accessible to J.D Workforce (including providing relevant passwords) to inspect to ensure J.D Workforce's trade secrets and confidential and proprietary information is secure and has not been improperly copied or distributed;

(d) preliminarily enjoined from contacting any of J.D Workforce's employees, customers, and/or vendors, including – without limitation – J.D Workforce's customer BirdsBoro Kosher Farms, for any reason;

(e) preliminarily enjoined from contacting any of J.D Workforce's current or former employees to solicit them to leave the employment of J.D Workforce;

(f) preliminarily enjoined from destroying any electronic or other communications or documents related to its business and J.D Workforce; and

(g) directed and agree to retain the services of Berkeley Research Group, LLC, as forensic examiner ("Examiner"), who shall be permitted to conduct an examination of Gafoor's cellular phone and any computer to search for any documents or electronically stored information which belongs to JD Workforce, which will require the full cooperation of the

2

parties to support the identification, preservation, and forensic collection information potentially relevant to the Examination. The Examination shall include Gafoor's personal and business digital electronic devices, files, data, images, and computer systems, in his possession, custody, or control and belonging to Gafoor together with non-custodial sources where the foregoing documents sought may reside; the creation of duplicate forensic copies of the same (the collected ESI and forensic images are collectively referred to herein as the "Forensic Images"); and forensic analysis of the Forensic Images for the purposes of determining: a. The likelihood of the existence, deletion, or destruction of documents, data, emails, or information of JD Workforce on Gafoor's devices; b. the dissemination of such information to third-parties, and the likelihood of deletion, or destruction of such document by Gafoor; c. To the extent the Examiner identifies the existence, deletion, or destruction of documents, data, emails, or information the volume and nature thereof and any such deletion or destruction and the extent to which some or all of these materials may be recovered; and d. The Examination may include interviews with relevant personnel or agents needed for the Examiner to carry out the Examination required by this Order. The Examiner shall be permitted to search, review, and analyze data or information on the Forensic Images in their entirety, including active files, data fragments, log files, application data, and unallocated or deleted space, and other artifacts that can lead to an understanding of content and historical use. Neither party shall have control over the analysis performed. Any devices collected shall be imaged "in place" and not removed off-site. The parties and their counsel shall have the right to be present during such analysis. Except as provided above, following the entry of this so Ordered stipulation, there shall be no *ex parte* communications with the Examiner by any party or its counsel and all email communications with the Examiner shall copy each party's counsel. Each party may, at its option, provide the Examiner with appropriate background or information relevant to the forensic analysis so long

as such background or information is provided in writing and contemporaneously to the opposing party. The Examiner shall maintain the Forensic Images in a secure facility operated by the Examiner and, except as directed otherwise by joint stipulation of the parties or order of the Court, the Examiner shall retain custody of the Forensic Images until the litigation has come to an end *(i.e.,* the case has been dismissed and after all appeals have been exhausted, assuming there are any appeals). The Examiner shall not disclose or permit any such disclosure of the contents of the Forensic Images to anyone other than the parties, their attorneys or agents, except as provided for herein or by Court Order. Prior to beginning any work, the Examiner shall execute a letter of confidentiality consistent with the provisions of this paragraph and shall provide a copy to counsel for the parties. The Examiner shall provide the parties with a forensic report as to the actions taken by the Examiner, including a detailed description of personnel interviewed, each piece of digital media inspected, copied, or imaged, as well as documentation of the chain of custody of the media collected (the "Forensic Report"). The Forensic Report shall provide a summary of the Examiner's findings regarding the topics identified herein. Plaintiff shall pay the Examiner's costs and fees in carrying out this so Ordered stipulation and shall remit payment in accordance with the Examiner's standard billing practices. The Court will retain jurisdiction to determine an application for cost-shifting and attorneys' fees in the event Plaintiff establishes liability and/or that it is a prevailing party under the law.

Dated: Lake Success, New York  
        January 24, 2023

**MILMAN LABUDA LAW GROUP PLLC**

_____  
By: Emanuel Kataev, Esq.  
3000 Marcus Avenue, Suite 3W8  
Lake Success, NY 11042-1073  
(516) 328-8899 (office)

Dated: Jamaica, New York  
        January 19, 2023

THE LAW OFFICE OF Z.A. WANI

_____  
By: Zouhoor A. Wani, Esq.  
16705 Hillside Avenue, Suite 2  
Jamaica, NY 11432-4200  
(718) 206-2020 (telephone)

(516) 328-0082 (facsimile)  
emanuel@mllaborlaw.com

(718) 206-0505 (facsimile)  
zawanilaw@gmail.com

*Attorneys for Plaintiff*  
*J.D Workforce, Inc.*

*Attorneys for Defendants,*  
*Mohamed J. Gafoor &*  
*ABC Company*

Dated:

**SO ORDERED:**

_____, U.S.D.J.

5